UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>                              Plaintiff,<br><br>   - against -<br><br>NEXSTAR BROADCASTING, INC.<br><br>                             Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Nexstar Broadcasting, Inc. ("Nexstar" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the 2016 crane collapse in New York City, owned and registered by Hirsch, a New York City based photojournalist. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Hirsch is a veteran professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 280 East 10th Street, Apt. 29, New York, New York 10009. Hirsch has been awarded two New York Foundation for the Arts grants and his work has been widely exhibited and collected by The Museum of Modern Art, The Bronx Museum, The Polaroid Collection, The Everson Museum of Art, Bibliotheque Nationale de France, Israel Museum, The Howard Stein Collection and others.

6. Upon information and belief, Nexstar is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 341 Northern Blvd., Albany, New York 12204. Upon information and belief, Nexstar is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Nexstar has owned and operated a website at the URL: www.Wiat.com and www.Wsav.com (the "Websites").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

7. Hirsch photographed the 2016 crane collapse in New York City (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Hirsch first published the photograph on February 5, 2016.

9. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 1-992-878.

**B.     Defendant's Infringing Activities**

11.     Upon information and belief, on or about February 5, 2016, Nexstar ran two articles on the Websites. One entitled *Crane Collapses in New York, One Dead* and another entitled *FDNY: 1 dead, 2 seriously hurt in Manhattan crane collapse*. See http://wiat.com/2016/02/05/fdny-1-dead-2-seriously-hurt-in-manhattan-crane-collapse/ and http://wsav.com/2016/02/05/crane-collapses-in-new-york-one-dead/. The articles prominently featured the Photograph. A true and correct copy of the articles are attached hereto as Exhibit B.

12.     Nexstar did not license the Photograph from Plaintiff for its articles, nor did Nexstar have Plaintiff's permission or consent to publish the Photograph on its Websites.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST NEXSTAR)**</u>
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Nexstar infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. Nexstar is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Nexstar have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Nexstar be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 9, 2017

                                                  LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steven Hirsch*